UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Cr. File No. 11-369 (PAM/FLN)

　　　　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

01– Steven Lavell Maxwell,
03 – Joel Delano Powell, Jr.,
04 – Desmon Desmond Burks,
05 – Norman Scott Allen,
09 – Frederick Adrianne Hamilton,
10 – Joel Delano Powell, III,
12 – Elston Edwards Sharps,

　　　　　　　　Defendants.

---

This matter is before the Court on the above-captioned Defendants' objections to Report and Recommendations ("R&R") issued by Magistrate Judge Franklin L. Noel on Defendants' various pretrial Motions. Defendant Maxwell also appeals Magistrate Judge Noel's Order denying his Motion to Sever. The Court reviews de novo a magistrate judge's decisions on dispositive issues. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). Having conducted the required review, the Court denies the objections and affirms the R&R. The Court also denies Maxwell's appeal. For the sake of brevity and because the parties do not contest the facts as stated in the R&R, the Court will not repeat those facts in this Memorandum and Order.

## DISCUSSION

**A.     Duplicity**

Defendants Maxwell, Burks, Allen, Hamilton, Sharps, and Joel Powell, Jr. object to the Magistrate Judge's determination that Count 1 of the Superseding Indictment is not duplicitous. Count 1 charges Defendants with executing and attempting "to execute a scheme and artifice to defraud <u>businesses and the Financial Institutions</u>,[1] and to obtain by means of materially false and fraudulent pretenses and representations, monies and funds owned by and under the custody and control of the Financial Institutions, in violation of Title 18, United States Code, Section 1344." (Docket No. 39 at 7 (emphasis added).)

"An indictment is duplicitous when it combines two or more distinct and separate offenses into a single count." <u>United States v. Yielding</u>, 657 F.3d 688, 702 (8th Cir. 2011) (quoting <u>United States v. Nattier</u>, 127 F.3d 655, 657 (8th Cir. 1997)). The "principal vice" of a duplicitous indictment "is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." <u>Id.</u> The Eighth Circuit has long held that this risk can be cured "by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." <u>Id.</u> (quoting <u>Nattier</u>, 127 F.3d at 657). Magistrate Judge Noel concluded that because the term "businesses" is used in the conjunctive, there is "no risk that a jury might convict Defendants without unanimous agreement as to the offense charged." (<u>See</u> Docket No. 423 at 13.)

---

[1] The term the "Financial Institutions" refers to the 29 banks named in the Superseding Indictment. (<u>Id.</u> at 2-3.)

Defendants argue that the Magistrate Judge was incorrect and that the use of the term "businesses" effectively alters the elements of the crime as set forth in the underlying statute, and thus results in a duplicitous charge. See 18 U.S.C. § 1344. The Government responds that Count 1 does not charge more than one crime because, even as phrased, the jury must find that Defendants engaged in a scheme to defraud a financial institution in order to convict. The Court agrees. The use of the term "businesses" in the conjunctive does not eliminate the requisite fraud on a financial institution, which is the lynchpin of bank fraud. Nor does the inclusion of the word "businesses" broaden the scope of the charge. The Government explains that the term was incorporated to explain the manner and means of the offense, not to alter the nature of the offense. To the extent the term "businesses" is not integral to a violation of the statute, it is merely surplusage and may be disregarded. United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994).

The Court agrees with Magistrate Judge Noel that there is little risk that the addition of the term "businesses" could result in a conviction based on anything other than a unanimous verdict. A plain reading of the Indictment makes clear that the Government does not intend to pursue Defendants for simply defrauding businesses under § 1344. Indeed, the Government acknowledges that the bank fraud statute does not criminalize a scheme to defraud a business. Rather, the Government's use of the term "businesses" simply provides additional context for the alleged fraudulent scheme. To the extent there is a risk of a non-unanimous verdict, the Court agrees with Magistrate Judge Noel that such risk can be

3

obviated by a limiting instruction. Defendants' objections to this aspect of the R&R are denied.[2]

**B.    Collateral Estoppel**

Defendant Burks contends that he was already prosecuted in Martin County, Minnesota for the conduct underlying Counts 4 and 24 of the Indictment and that he is therefore immune from further prosecution. Burks argued to Magistrate Judge Noel that the Martin County prosecution precluded the present charges under the Double Jeopardy Clause. Magistrate Judge Noel disagreed, concluding that the "dual sovereignty doctrine allows the federal and state governments to bring successive prosecutions for offenses arising from the same criminal act." (Docket No. 423 at 14.) Burks does not object to that determination, but urges the Court to dismiss Counts 4 and 24 on the basis of collateral estoppel as set forth in Ashe v. Swenson, 397 U.S. 436 (1970). Ashe involved successive prosecutions in the same jurisdiction. See id. Here, again, the subsequent prosecution is undertaken by a separate sovereignty. Therefore, the doctrine of collateral estoppel as set forth in Ashe does not apply. The Court denies Burk's request.

**C.    Severance**

---

[2] Defendant Hamilton also argues that Count 1 is duplicitous because it charges him with executing or attempting to execute a scheme to defraud. The Eighth Circuit expressly held such language does not render the indictment duplicitous. United States v. Spencer, 592 F.3d 866, 875 (8th Cir. 2010). Hamilton also argues that the bank fraud statute does not criminalize attempts to defraud. Hamilton is again mistaken. Section 1344 expressly proscribes attempts to defraud financial institutions. 18 U.S.C. § 1344.

4

Defendant Maxwell objects to the Magistrate Judge's recommendation that his request for severance from his co-Defendants be denied. Magistrate Judge Noel concluded that there is no "serious risk that a joint trial would compromise a specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." (Docket No. 414 at 2.)

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). The Eighth Circuit has made clear that "rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Dijan, 37 F.3d 398, 402 (8th Cir. 1994). However, courts may sever where a specific prejudice arising from a joint trial is established. Fed. R. Crim. P. 14; United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995). At this time, Maxwell has not presented the Court with any specific prejudice that is likely to result from a joint trial. The Court therefore denies Maxwell's appeal, but does so without prejudice in the event additional facts or circumstances relevant to this issue develop prior to trial.

**D. Fourth Amendment**

Defendant Joel Powell, III objects to the Magistrate Judge's determination that the evidence seized in the search of the vehicle he was driving in Wright County on August 31, 2011, is admissible. Magistrate Judge Noel concluded that although the stop itself was illegal due to lack of probable cause, the evidence seized during that stop, i.e., brass knuckles and a firearm, is admissible under the independent source doctrine.

The exclusionary rule "reaches not only primary evidence obtained as a direct result of an illegal search or seizure . . . but also evidence later discovered and found to be

5

derivative of an illegality or fruit of the poisonous tree." United States v. Swope, 542 F.3d 609, 613 (8th Cir. 2008) (quoting Segura v. United States, 468 U.S. 796, 804 (1984)). The exclusionary rule is inapplicable, however, when the connection between the constitutional violation and the evidence to be excluded is "so attenuated as to dissipate the taint." Id. (quoting Nardone v. United States, 308 U.S. 338, 341 (1939)). This is the case when the Government shows that the evidence was acquired through a source independent of the taint. Id. (quoting Wong Sun v. United States, 371 U.S. 471, 487 (1963)).

"A warrant obtained after an illegal search is not an independent source if either of the following are true: 'if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry,' and 'if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant.'" Id. (quoting Murray v. United States, 487 U.S. 533, 542 (1988)). In other words, both of the following two questions must be answered in the affirmative for the warrant to be an independent source: "first, would the police have applied for the warrant had they not acquired the tainted information; and second, do the application affidavits support probable cause after the tainted information has been redacted from them." Id. at 613-14.

As to the first question, the Court is satisfied that the police would have applied for the warrant regardless of the items seized during the search. The items seized included brass knuckles and a firearm. The search warrant application shows that officers were focused on investigating financial fraud and identity theft, not the possession of additional weapons. (Application for Search Warrant, Gov't Ex. 6.)

Secondly, the affidavit underlying the search warrant was sufficient to establish probable cause independent of the tainted information. (Id.) Indeed, the affidavit sets forth detailed facts regarding the alleged fraud that were ascertained independent of the search and seizure stemming from the traffic stop. (See id. at 3-4.) The core information in the affidavit came from witnesses who told officers about a check cashing scheme. (Id. at 3.) Those witnesses were not contacted due to the traffic stop, but because of other evidence that would have been discovered regardless of the traffic stop. Specifically, prior to the stop, police officers were notified that Powell threw away carbon copies of checks in a garbage can outside of the Monticello Pawn and Gun shop. The checks included the names of the witnesses who provided officers with information key to the warrant application. (See id.) That information was more than sufficient to establish probable cause. Accordingly, the Court denies Powell's objection.[3]

**CONCLUSION**

For the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections (Docket Nos. 441, 443, 446, 453, 457, 459, 464) are **DENIED**;

---

[3] The Court also notes that it is doubtful that Powell has standing to challenge the propriety of the vehicle search because the vehicle did not belong to him. United States v. Green, 275 F.3d 694, 699 (8th Cir. 2001).

2. The Report and Recommendations (Docket Nos. 423-428 and 430) are

    **ADOPTED**; and

3. The Order (Docket No. 414) is **AFFIRMED**.


Dated: <u>Wednesday, July 11, 2012</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge